[No. 25029. Department Two. March 29, 1934.]

THE STATE OF WASHINGTON, *Respondent*, v. HOWARD
WYNN, *Appellant*.[1]

*Jos. H. Smith* and *A. E. Dailey,* for appellant.

*Charles R. Denney* and *Francis W. Mansfield,* for re-
spondent.

PER CURIAM.—This is here upon an application to
have the statement of facts remanded to the trial court
for the purpose of having the memorandum decision
and affidavits presented by appellant on his motion
for a new trial incorporated in the statement of facts,
which was served, filed and certified in due and timely
manner, and certified by the trial judge. The applica-
tion is based upon Rule of Court IV, 159 Wash. xxxiv,
and Rule of Practice X, subd. 2 (Rem. Rev. Stat.,
§ 308-10).

Appellant offers as sufficient excuse for the failure
to incorporate the affidavits and the memorandum de-
cision of the trial judge in the statement of facts that
one of the attorneys ordered a statement of facts to be
prepared by the court reporter, who, in his affidavit
accompanying this application, deposes that he did not

[1]Reported in 30 P. (2d) 940.

include the affidavits or the memorandum decision in the statement of facts because he had never included such in any statement of facts which he had prepared, and did not know it was necessary; that the attorney for appellant requested and affiant supplied the record of testimony without making any effort to include the affidavit and ruling, or ascertain whether same should be part of the record.

An examination of the record discloses that the memorandum decision of the trial judge is in the statement of facts which has been certified to by him. The affidavits and counter affidavits used on motion for a new trial are succinctly summarized in the memorandum decision, and for the purpose of this application, comparison has been made with the transcript, which shows that the trial judge's summary of the affidavits, omitting sordid and nauseating details, was very accurate.

The memorandum decision already being in the statement of facts and certified and the affidavits desired being referred to as summarized therein by the trial judge, makes any further action unnecessary, without deciding that sufficient excuse has been shown for further certifying the omissions.

The application is accordingly denied.